**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

EDDY ALVAREZ BERNAL,

Petitioner,

v.

WARDEN, in his official capacity as Warden of Torrance County Detention Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Case No. 1:26-cv-03332-MIS-SCY

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Eddy Alvarez Bernal's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 5, 2026. Respondents answered the Petition ("Response") on October 20, 2026, ECF No. 7.[1] Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition for the reasons set forth herein.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 4. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

This is Petitioner's second petition before the Court, see Case No. 1:26-cv-02139-MIS-JMR ("Alvarez Bernal I"), and the Court summarizes the findings set forth there. Alvarez Bernal I, ECF No. 7. Petitioner is a citizen of Cuba who first entered the United States on April 11, 2019, at the Mission, Texas, Port of Entry. Alvarez Bernal I, ECF No. 7 at 1. On May 21, 2019, he was issued an Order of Expedited Removal. Id. On June 29, 2019, Petitioner was removed from the United States. Id. at 2. Petitioner reentered the United States on or around November 7, 2022, and when encountered by U.S. Border Patrol Agents, was processed as a "Reinstate with Credible Fear" and released pursuant to the Alternatives to Detention program on November 9, 2022. Id. However, on January 7, 2026, an Immigration Judge in Miami, Florida terminated Petitioner's removal proceedings, and the previously final order of removal was reinstated. Id. On March 26, 2026, a few weeks after U.S. Immigration and Customs Enforcement ("ICE") officers encountered Petitioner at a correctional facility in Miami,[2] ICE lodged an immigration detainer against Petitioner and processed Petitioner as a "Reinstate case." Id. On March 27, 2026, ICE served Petitioner with a Warrant of Arrest and subsequently transferred Petitioner to the Torrance County Detention Center in Estancia, New Mexico. Id. On May 15, 2026, ICE served Petitioner with a Notice of Removal to Mexico. Id. On July 22, 2026, the Court found in Alvarez Bernal I that Petitioner's detention was governed by 8 U.S.C. § 1231 and further that his detention was presumptively reasonable at that time pursuant to Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Id. at 5.

---

[2] Petitioner asserts that no action was prosecuted in relation to his detention. Pet. at 7.

Three months later, Petitioner remains detained at the Torrance County Detention Center. Pet. at 1. In the instant Petition, Petitioner argues that his continued detention, now approaching seven months, violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process clause because it has exceeded the presumptively reasonable 6-month period and that it I not significantly likely that he will be removed in the reasonably foreseeable future. Pet. at 7-8. On October 6, 2026, the Court issued an Order to Show Cause and Enjoining Transfer instructing Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holdings in Zadvydas v. Davis, 533 U.S. 678 (2001) or Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026) require relief." ECF No. 5.

## II. Legal Standards

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

In the instant Petitioner argues that his continued detention, now almost seven months, is grounds for the Court to grant his petition because his "removal is not significantly likely in the reasonably foreseeable future. Pet. at 7-8. In support, Petitioner asserts that "no country has formally accepted [him], no travel documents have been issued, and no definite removal date has been scheduled." Id. at 8.

Respondents acknowledge that Petitioner has now been detained over six months, but oppose his release, stating the United States Department of Homeland Security ("DHS") "continues to intend to remove Petitioner to Mexico and will transfer him to the El Paso Camp East Montana for removal staging once the removal has been approved by HQ RIO." ECF No. 7 at 3. Respondents state further "Respondents recognize that the Court may decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an order directing Petitioner's release on conditions to be set by [DHS]." Id. (citing 8 U.S.C. §1231(a)(3); 8 C.F.R. §§ 241.4, 241.5, 241.13(h), 241.14; and Zadvydas, 533 U.S. at 700).

Because Petitioner is subject to a final order of removal, as noted in Alvarez Bernal I, and not disputed here, 8 U.S.C. § 1231(a) governs his detention. Under 8 U.S.C. § 1231(a)(6), the Attorney General may detain certain noncitizens beyond the ninety-day "removal period" following entry of a final order of removal. However, the statute implicitly "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. In Zadvydas, the Supreme Court established a presumptively reasonable six-month period of detention. Id. at 701. After that period, if the petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with

evidence sufficient to rebut that showing." Id.; see also Clark v. Martinez, 543 U.S. 371, 377-78 (2005).

The Court finds that the presumptively reasonable six-month-period of confinement has expired, that Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and the Government has failed to present evidence sufficient to rebut that showing.

First, Petitioner has been detained for almost seven months, Pet. at 7, and thus, the presumptively reasonable period of detention has expired, see Zadvydas, 533 U.S. at 701. Second, Petitioner asserts, Pet. at 7, and Respondents do not rebut, see generally ECF No. 7, that no country has formally accepted him, no travel documents have been issued, and no definite removal date has been scheduled. Instead of describing concrete steps they have taken that makes it significantly likely that Petitioner will be removed in the reasonably foreseeable future, the Respondents respond only that they "continues to intend to remove Petitioner to Mexico." ECF No. 7 at 3. Presumably, this has been their intention since May 15, when they notified Petitioner of this intent. Alvarez Bernal I at 2. But intention is not action. Courts in this district have repeatedly held that prolonged detention, combined with failed or nonexistent removal efforts, satisfies the petitioner's initial burden. Naghiyev v. Bondi, No. 2:25-cv-1313 MIS/DLM, 2026 WL 700064, at *5 (D.N.M. Mar. 12, 2026) (citing Lorenzo v. Bondi, No. 2:25-cv-0923 KWR/GJF, 2026 WL 84521, at *5–6 (D.N.M. Jan. 12, 2026); Jimenez Chacon v. Lyons, 811 F. Supp. 3d 1299, 1310 (D.N.M. 2025); Salazar-Martinez v. Lyons, No. 2:25-cv-0961 KG/KBM, 2025 WL 3204807, at *2 (D.N.M. Nov. 17, 2025)). Therefore, the Court finds that Petitioner's unreasonably prolonged detention, coupled with the absence of any specific steps taken in attempts to remove him, satisfies Petitioner's burden

of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" Zadvydas, 533 U.S. at 701.

Finally, Respondents failed to meet their burden of demonstrating a "significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. To satisfy this burden, Respondents must present evidence in support of their position. See id. ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." (emphasis added)). Here, the only evidence bearing on the likelihood of Petitioner's removal is the Declaration of Mr. Patrick stating that "ERO intends to transfer Petitioner to El Paso Camp East Montana (CEM) for removal staging once the Petitioner is approved by HQ RIO for removal to MEXICO." ECF No. 7-1 at ¶ 21. Respondents' speculative intentions are not sufficient to meet their burden of providing evidence to rebut Petitioner's showing.

Because Petitioner has shown good reason to believe that his removal is not significantly likely in the reasonably foreseeable future, and because Respondents have not rebutted that showing, the Court finds that Petitioner's continued, indefinite detention violates the Immigration and Nationality Act, Zadvydas, 533 U.S. at 699, and he is therefore entitled to habeas relief.

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Having found Petitioner's

detention to be unlawfully excessive, the Court finds that immediate release with reasonable conditions of supervision under 8 U.S.C. § 1231(a)(3) is appropriate.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 2, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Eddy Alvarez Bernal from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a final order of removal and concrete, imminent travel plans to remove Petitioner from the United States; and
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE